**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF**
**WISCONSIN**

| | | |
|---|---|---|
| G.R., by her next friend, | ) | |
|     DUSTIN ROMANOWSKI, | ) | |
| | ) | |
|     Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | |
| | ) | |
| KATIE BERGERON, | ) | |
| Individually and in her official | ) | |
| Capacity as Assistant Principal of | ) | |
| Chippewa Falls Middle School, | ) | |
| Defendant. | ) | |

## COMPLAINT

## I. INTRODUCTION

1.   This is an action under 42 U.S.C. § 1983 for various violations of Plaintiff's

constitutional rights. Plaintiff seeks declaratory and injunctive relief against

the Defendant as well as nominal damages.

## II. JURISDICTION & VENUE

2.   This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. 1343.

3.   Venue is proper because Defendant is located in this District, and

Plaintiff resides in this District.

–1–

### III. <u>PARTIES</u>

4.    Plaintiff G.R. is a citizen of the United States and a resident of the State of Wisconsin.

5.    Plaintiff is a minor and appears by her next friend, Dustin Romanowski ("Romanowski"), who is her father and natural guardian.

6.    Plaintiff is a student at Chippewa Falls Middle School, a public school operated by the Chippewa Falls Area Unified School District.

7.    Plaintiff is currently in the 7th grade.

8.    It is anticipated that during the 2022-2023 school year, Plaintiff will be an 8th grader in the Chippewa Falls Middle School.

9.    It is anticipated that during the 2023-2024 school year, Plaintiff will be a 9th grader in the Chippewa Falls High School, which is also owned and operated by the Chippewa Falls Area Unified School District.

10.    Defendant Katie Bergeron is an assistant principal of Chippewa Falls Middle School in Chippewa Falls, Chippewa County, Wisconsin.

11.    For all purposes relevant to this Complaint, Defendant was acting under color of state law, as that phrase is used in 42 U.S.C. § 1983.

### IV. <u>FACTUAL BACKGROUND</u>

12. On December 9, 2021, Plaintiff wore a sweatshirt to school (the "Sweatshirt").

13. The Sweatshirt has the words "LET'S GO BRANDON" written across the chest.

14. The letter "E" in "LET's" is stylized in a contrasting color and without the upright (i.e., vertical) component, so that it is reminiscent of the stripes on the flag of the United States.

15. The words have a series of stars underneath them.

16. The right shoulder of the Sweatshirt has a stylized flag of the United States on it, in reverse similarly to how American soldiers where flags on their right shoulders on their uniforms.

17. The left shoulder of the Sweatshirt contains the logo of We the People Holsters, a company that makes holsters for firearms.

18. The logo contains an eagle and a shield, and the words "We the People Holsters," "Hand Crafter," and "American Made."

19. The logo does not contain an image of a firearm or mention firearms.

20. During Plaintiff's third hour geography class, Defendant called Plaintiff out of class and to Defendant's office.

21. Defendant told Plaintiff that Plaintiff could not wear the Sweatshirt because it

–3–

"suggests a swear word."

22. Defendant told Plaintiff she could 1) borrow a shirt from a friend, 2) get one from the school's "lost and found", or 3) keep it on but sit in school suspension for the remainder of the day.

23. After telephone consultation with her father, Plaintiff opted to remove the Sweatshirt because she did not want to sit in school suspension.

24. On the same day, during her 8th hour class, Plaintiff put the Sweatshirt back on because she was cold.

25. Plaintiff's 8th hour teacher, Brandi Fuchs, sent Plaintiff to the office.

26. Once again, Defendant told Plaintiff she could not wear the Sweatshirt to school and once again Plaintiff removed the Sweatshirt.

27. The Dress Code of Chippewa Falls Middle School prohibits "inappropriate language" on clothing.

28. The Dress Code of Chippewa Falls High School prohibits "profanity or other offensive print" and "graphics, pictures and symbols alluding to the above…."

29. The policy of the Chippewa Falls Area Unified School District requires school officials, before requiring students to remove clothing deemed to violate dress requirements, to determine "whether the item constitutes protected speech in so far as the item independently makes a statement of a

–4–

discernable nature to the observer by depiction, words, or combination of the two that does not require separate explanation."

30. The Chippewa Falls Area Unified School District policy further states that "protected speech may still be prohibited if it is likely to cause substantial disruption to the educational environment.  This may include dress that includes the use of vulgarity, discriminatory language including racial or ethnic slurs, negative stereotypes, violence, or other communication when the clear intent is to invoke strong reactions in observers so as to impair the ability of teachers and/or students to engage in educational pursuit."

31. Defendant applied the Chippewa Falls Middle School dress code and the Chippewa Falls Area Unified School District policy to prohibit Plaintiff's wearing of the Sweatshirt.

32. The Sweatshirt contains speech protected by the First Amendment.

33. The Sweatshirt does not contain anything lewd, vulgar, violent or pertain to illegal activity.

34. Defendant could not reasonably forecast a substantial disruption in the school on account of Plaintiff's wearing the Sweatshirt.

35. Defendant could not reasonably forecast falling test scores on account of Plaintiff's wearing the Sweatshirt.

36. Defendant could not reasonably forecast increased truancy on account of

Plaintiff's wearing the Sweatshirt.

37.    Wis.Stats. § 120.13(1)(b) empowers "any principal" to make rules pertaining to student dress, with the consent of the school board.

38.    Defendant has the consent of the school board to make rules pertaining to student dress, and in particular the prohibition he has enforced against Plaintiff.

## Count 1 – Violations of First Amendment

39.    By restricting Plaintiff's clothing based on words that the Sweatshirt does *not* contain, Defendant is violating Plaintiff's freedom of speech guaranteed by the First Amendment.

40.    By deciding on a case-by-case basis what clothing is "inappropriate," Defendant's restrictions are unconstitutionally vague.

## Count 2 – 14th Amendment Due Process Violations

41.    By not providing Plaintiff with objective criteria for knowing what clothing is prohibited, Defendant is denying Plaintiff due process.

## Prayer for Relief

Plaintiffs demand the following relief:

42.    A declaration that Plaintiff's wearing the Sweatshirt is protected speech and may not be restricted.

43. A permanent injunction prohibiting Defendant from restricting Plaintiff from wearing the Sweatshirt.

44. Nominal damages.

45. Attorney's fees and costs for bringing and maintaining this action, pursuant to 42 U.S.C. § 1988.

46. A jury to try to this case.

47. Any other relief the Court deems proper.

JOHN R. MONROE,

___/s/ John R. Monroe_____

John R. Monroe
John Monroe Law, P.C.
156 Robert Jones Road
Dawsonville, GA 30534
Telephone: (678) 362-7650
jrm@johnmonroelaw.com
State bar # 01021542

ATTORNEYS FOR PLAINTIFF

–7–